# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV369-V[1]

| | |
|---|---|
| TOMMY EDWARD MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHARLOTTE METRO CREDIT ) | |
| UNION, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Addendum to his Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 4).

On August 26, 2009, Plaintiff filed his IFP Application (Doc. No. 1) seeking to proceed with a civil rights complaint (Doc. No. 2) without having to prepay the costs associated with that matter. Such Application reported that Plaintiff's total monthly income was $1,110.00, consisting of $1,094.00 in "retirement disability" payments and $16.00 in Food Stamp benefits. Plaintiff also reported owning a 2004 model truck, valued at $10,000 and a 1999 model car, valued at $2,400.00. Concerning his obligations, Plaintiff's Application further

---

[1] This matter originally was assigned to the Honorable Martin Reidinger. However, subsequent to the denial of Plaintiff's original IFP Application, the matter was reassigned to the undersigned for resolution.

indicated that his monthly expenses totaled approximately $1,330.00, which sum included $920.00 for his rent/mortgage, utilities and home maintenance expenses, $150.00 for food, $40.00 for clothing-related expenses, and $195.00 for various insurance-related expenses. In addition, Plaintiff's Application reported that his 40-year-old girl friend was dependent upon him for unspecified amounts of financial support.

After considering such Application the Court found -- inasmuch as he had failed to explain how he was able to sustain himself when his reported monthly expenses exceeded his monthly income by hundreds of dollars, that Plaintiff might have had access to resources which were not reflected in his Application. Thus, the Court entered an Order denying Plaintiff's Application because it could not determine that he, in fact, lacked the resources from which to pay the $350.00 filing fee. (Doc. No. 3). Furthermore, the Court's Order directed Plaintiff either to remit the $350.00 filing fee or to file a new Application reporting any additional monetary resources to which he had access.

Plaintiff did not remit the filing fee; nor did he file a new IFP Application. Instead, Plaintiff has filed an Addendum to his original IFP Application. (Doc. No. 4). The Addendum consists of two documents which, when read together, tend to reflect that in 2007, Plaintiff was the beneficiary of the proceeds from a $10,000 life insurance policy; that from such

proceeds, he paid $6,339.88 in funeral expenses; and that he able to retain the balance of those proceeds, about $3,500.00, for his own use.  Presumably, Plaintiff submitted these documents to establish that he sustains himself by using the remaining proceeds to pay the portion of his monthly expenses which are not covered by his income.  That being the case, the Court finds that Plaintiff does not have sufficient resources from which to pay the $350.00 filing fee for his case.  However, because Plaintiff's IFP Application was denied and he has no other IFP Application pending, the Court will construe his Addendum as a motion for reconsideration of the denial of his IFP Application, and will <u>grant</u> that motion.

**IT IS, THEREFORE, ORDERED THAT:**

1.  Plaintiff's Addendum to Application to Proceed Without Prepaying Fees or Costs (Doc. No. 4), construed as a motion for reconsideration, is **GRANTED;**

2.  Plaintiff's Application to Proceed in District Court without Pre-paying Fees or Costs is **GRANTED;** however,

3.  The Clerk shall refrain from preparing and issuing process until such time as the Court has an opportunity to thoroughly review the merits of Plaintiff's Complaint. 28 U.S.C. § 1915(e)(2).

**SO ORDERED.**

Signed: September 15, 2010

Richard L. Voorhees
United States District Judge