IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv369

| TOMMY EDWARD MARTIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **ORDER OF** |
| | ) | **DISMISSAL** |
| CHARLOTTE METRO CREDIT UNION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on initial review as required under 28, United States Code, Section 1915(e)(2). On September 15, 2010, Honorable Richard L. Voorhees, United States District Judge, allowed plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#s 1 & 4), but stayed issuance and service of process pending review under Section 1915(e)(2).

Having allowed plaintiff to proceed *in forma pauperis*, the court has conducted a review of the Complaint in accordance with 28, United States Code, Section 1915(e)(2). Review of the Complaint reveals that plaintiff is contending that he took out a policy of credit disability insurance, and that he was sure that such policy "had paid me instead the credit union got paid." Complaint (#2), at 3 (errors in the original). The supporting statement of facts provides little insight as to how plaintiff believes

-1-

he has stated a federal cause of action; instead, it appears that plaintiff is alleging that defendant "can't find me in the system they need my old account number to help." Complaint, at p. 2. For an injury, plaintiff contends that he lost his job "because of the disability benefit did not come through from credit union." Id. (Error in the original). For relief, plaintiff states that the money from his claim should have been set aside in an unclaimed account and that the credit union should make it right and help solve this matter. Id., at 5. No dates are provided as to when such events took place.

Reading such Complaint in a light most favorable to plaintiff, it appears that he is contending that he was confused as to who would be the beneficiary of a credit disability policy he believes he purchased through a credit union. The court takes notice that credit unions and other lenders will offer "credit disability policies," which are designed to pay to the creditor a debtor's loan payments in the event the creditor becomes unable to work and make the monthly payments. The court takes further notice that such policies are not intended to pay the debtor directly, but instead to pay the creditor.

While the court knows of no federal law implicated under such facts, the court notes that North Carolina regulates such policies of insurance under the "*North Carolina Act for the Regulation of Credit Life Insurance and Credit Accident and*

*Health Insurance.*" N.C. Gen. Stat. §§ 58-57-1 to 58-57-115. Such provision of state law provides for such matters as the amount of such insurance, the term of such insurance, and general premium rate standards. See also N.C. Gen. Stat. § 58-51-100.

Even if a state cause of action could be stated, which is not apparent from the Complaint, to avail himself of state law in federal court, plaintiff must be able to invoke the court's diversity jurisdiction. Diversity requires an amount in controversy exceeding $75,000.00 and complete diversity, which means that plaintiff and defendant must reside in different states. From the face of the Complaint, it appears that plaintiff and defendant reside in Charlotte, North Carolina; while the amount of the policy is not stated, it is apparent that the policy or the underlying loan did not involve an amount exceeding $75,000.00.

Having carefully considered plaintiff's Complaint, it appears that this action must be dismissed. Section 1915(e)(2) provides, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Not only has a claim not been stated, it appears that this court

lacks jurisdiction over the subject matter of this lawsuit. Plaintiff is advised that if he has a cause of action, it needs to be pursued in the North Carolina General Courts of Justice. If he does not understand the credit policy he took out, he should speak with a credit counselor, who he may be able to find through contacting his local United Way.

## ORDER

**IT IS, THEREFORE, ORDERED** in accordance 28 U.S.C. § 1915(e)(2) that this action is **DISMISSED** without prejudice in accordance with Section 1915(e)(2)(B)(ii) as plaintiff fails to state a claim and for want of subject matter jurisdiction.

Signed: March 22, 2011

Max O. Cogburn Jr.
United States District Judge